**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DRI-DESIGN, INC.

       Plaintiff,

v.

ZEEFF PANEL SYSTEMS, LLC, LEIF
HAUGEN, DEREK LEDY, and JASON ZEEFF,

       Defendants.

Case No.

Honorable

J. Michael Huget (P39150)
Patrick L. Rawsthorne (P81676)
Honigman LLP
200 Ottawa Ave. NW
Suite 700
Grand Rapids, Michigan 49503
(616) 649-1900
mhuget@honigman.com
prawsthorne@honigman.com

Peter G. Callaghan (N.H. Bar No. 6811)
Kat Mail (N.H. Bar No. 274914)
(applications for admission forthcoming)
Preti, Flaherty, Beliveau &
Pachios LLP
57 North Main Street
P.O. Box 1318
Concord, New Hampshire 03302
(603) 410-1500
pcallaghan@preti.com
kmail@preti.com

*Attorneys for Plaintiff*

**JURY TRIAL DEMANDED**

**<u>COMPLAINT</u>**

Plaintiff Dri-Design, Inc., by and through its attorneys, hereby alleges and complains against Zeeff Panel Systems, LLC ("Defendant ZPS"), Leif Haugen, Derek Ledy, and Jason Zeeff ("the Individual Defendants") as follows:

## I. INTRODUCTION

1. Plaintiff, a seller of architectural metal wall panel systems, has created a set of technical drawings depicting the details of its panel systems. These drawings are a key part of Plaintiff's marketing and customer service strategy, allowing it to better communicate with customers and setting Plaintiff apart from competitors. These drawings are protected by the Copyright Act and registered with the United States Copyright Office.

2. Defendant ZPS unlawfully copied these drawings rather than creating its own set of technical drawings. It distributes these infringing copies to compete unfairly with Plaintiff and gain an unfair competitive advantage in the field of selling architectural metal wall panel systems.

3. The Individual Defendants are former employees of Plaintiff and are now owners and/or employees of Defendant ZPS. They have a direct financial interest in Defendant ZPS's success. The Individual Defendants provided Defendant ZPS with the idea, means, and know-how to copy Plaintiff's drawings in order to gain an unfair competitive edge.

4. Plaintiff's business has been harmed and will continue to be harmed if Defendants are not enjoined from the unlawful reproduction and distribution of Plaintiff's technical drawings. Plaintiff additionally seeks all remedies available in equity or at law, including damages, costs, and attorneys' fees, for Defendants' tortious conduct and other unlawful behavior.

## II. JURISDICTION AND VENUE

5. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction set forth in 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district, and under 28 U.S.C. § 1400(a), because defendants reside and may be found in this district.

## III. PARTIES

7. Plaintiff is a corporation that is incorporated in Michigan and has its principal place of business in Holland, Michigan.

8. Defendant ZPS is a corporation that is incorporated in Michigan and has its principal place of business in Holland, Michigan.

9. Defendants Haugen, Ledy, and Zeeff are all former employees of Plaintiff who, on information and belief, reside in Michigan. Defendant Zeeff founded Defendant ZPS, and Defendants Haugen and Ledy began working for Defendant ZPS after their employment with Plaintiff ended.

## IV. FACTS

### A. Plaintiff and Its Copyrighted Works

10. Plaintiff is in the business of selling architectural metal wall panel systems, which are generally used in large-scale construction projects at commercial, healthcare, industrial, educational, and other facilities.

11. In December 2007, in the course of its business, Plaintiff created a collection of technical drawings titled "Dri-Design Standard Details," also known as (and hereinafter referred to as) "DD Library."

12. These drawings depict the architectural details of Plaintiff's panel systems.

13. DD Library is designed and formatted to be accessible to customers, providing the most basic detail and design of Plaintiff's products.

14. DD Library is a differentiator that sets Plaintiff apart from its competitors because it demonstrates for customers the efficiency of Plaintiff's panel details and the ease of installation.

15. Plaintiff and its customers use DD Library as a reference point to develop project-specific details.

16. On March 21, 2024, Plaintiff obtained from the U.S. Copyright Office a valid and subsisting United States Copyright Registration, No. VA0002387452, for the drawings contained in DD Library, registered under the name "DD Level ONE Library" and, alternatively, "Standard DD Library." *See* Exhibit A attached hereto.

17. In 2019, Plaintiff updated DD Library to include technical drawings of a new line of product, the EN-V A80 Series. *See* Exhibit B, ENV_A80 Copyrighted Work.

18. These updates to DD Library were published on April 15, 2019.

19. Plaintiff obtained from the U.S. Copyright Office a valid and subsisting United States Copyright Registration No. VA0002386709 for these additions to DD Library, registered as "EN_V-A80_DET," on March 7, 2024. *See* Exhibit C attached hereto.

20. DD Library and EN-V A80 (together, the "Registered Works") are wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Registered Works.

4

### B. Defendants and Defendants' Infringing and Other Illegal Conduct

#### 1. The Individual Defendants

21. The Individual Defendants are former employees of Plaintiff.

22. Defendant Zeeff worked for Dri-Design for over ten years and was the Vice President of Sales for Dri-Design until he resigned his employment on or about June 5, 2023.

23. Defendants Ledy and Haugen were both Project Managers for Dri-Design for over ten years until they resigned from their positions on September 27, 2023.

24. Due to their former employment at Plaintiff, the Individual Defendants are familiar with Plaintiff's products, sales strategy, business model, customers, manufacturers, and other affiliates.

25. Prior to leaving their employment, Defendants Haugen and Ledy forwarded emails to themselves containing Plaintiff's customer contact information. They also retained, after their employment ended, a digital copy Plaintiff's customer contacts list, a spreadsheet containing customer contacts, and a spreadsheet containing Plaintiff's proprietary pricing formulas. Plaintiff demanded the return of these materials, and Defendants Ledy and Haugen complied. *See* Exhibits D and E (declarations of Defendants Ledy and Haugen).

26. On July 14, 2023, Defendant Zeeff registered a new company, Zeeff Panel Systems, LLC ("ZPS"), in Holland, Michigan. *See* Exhibit F attached hereto.

27. Defendant ZPS is in the business of selling architectural metal panel systems and is attempting to compete with Plaintiff in that market.

28. Defendant ZPS's website (https://zeeffpanels.com), states that ZPS has "vast experience in the metal panel industry," and refers to a "team of experts" who have "crafted a

range of uncompromisingly durable, aesthetic, and efficient metal panels at the most competitive prices." *See* Exhibit G attached hereto.

29. On information and belief, Defendant Zeeff serves as President of ZPS, and Defendants Ledy and Haugen work for ZPS in roles similar or related to those they held when employed by Plaintiff.

30. Individual Defendants have approached Plaintiff's customers in an attempt to solicit their business to Defendant ZPS.

31. Each of the Individual Defendants has a direct financial interest in Defendant ZPS's success.

### 2. Defendant ZPS + the Infringing Work

32. Sometime after January 2024, and likely earlier, ZPS began displaying, reproducing, and distributing to potential customers, a collection of technical drawings copied from the Registered Works, titled "Typical Panel Details" (the "Infringing Work") that purports to provide visual representations of the architectural details of Defendant ZPS's metal panel systems. *See* Exhibit H attached hereto.

33. The drawings contained in the Infringing Work are substantially similar, indeed strikingly similar, to copyrighted drawings in DD Library, specifically the drawings depicting Plaintiff's EN-V A80 series of panels.

34. Plaintiff obtained a copy of the Infringing Work and compared it to DD Library by reviewing the documents in .dwg format, an interactive file format for storing two- and three-dimensional drawings, model data, and metadata.

35. Plaintiff observed that the Infringing Work was so strikingly similar to DD Library in its colors, styles, scale, and dimensions that it would be near impossible for Defendant ZPS to have generated the Infringing Work without copying DD Library.

36. Additionally, the Infringing Work .dwg file bore proprietary characteristics, customizations, and tools embedded by Dri-Design into its .dwg files, showing that the Infringing Work had been generated directly from an existing Dri-Design .dwg file and with the benefit of Dri-Design's proprietary modifications.

37. With the knowledge and assistance of the Individual Defendants, Defendant ZPS copied the Registered Works and misappropriated Plaintiff's .dwg file without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

38. In copying the Registered Works and misappropriating Plaintiff's .dwg file, Defendants acted wantonly, willfully, and with reckless disregard for Plaintiff's rights.

39. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and continues to be damaged, by the unauthorized reproduction, distribution, and display of the Infringing Work. Defendants' acts have caused and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

### 3. Defendants' Solicitation of Plaintiff's Customers

40. On information and belief, Defendant ZPS has approached former and current customers of Plaintiff offering to sell the same panel as Dri-Design in an attempt to solicit them and replace Plaintiff as their supplier of exterior panels.

41. One example is sometime in March 2024, and likely earlier, Defendant Zeeff approached representatives of a national car wash franchise that is a current and recurring customer of Plaintiff.

42. The relationship between Dri-Design and the national car wash franchise has existed for approximately 10 years.

43. The national car wash franchise is a rapidly growing franchise with franchise and company owned stores across the country. It has utilized Plaintiff's exterior panels as part of a package program for constructing its locations.

44. The package program has been developed and refined over the years with Dri-Design working with a contractor, an installer and the national car wash franchise, with careful attention to size, configuration, color matching, manufacturing efficiencies, shipping, installation and price.

45. Defendant Zeeff was knowledgeable of all aspects of the package program through his work at Dri-Design. Plaintiff has a reasonable expectation that the national car wash franchise will continue contracting with Plaintiff to provide exterior panel for future locations.

46. Defendants ZPS is attempting to replace Plaintiff as the purveyor of exterior panels for new locations of the national car wash franchise.

47. On information and belief, Zeeff approached the national car wash franchise and offered the same panel provided by Dri-Design using the same manufacturer and same paint finisher at a lower price than Dri-Design.

48. On information and belief, Defendant ZPS entered an agreement with the national car wash franchise to provide panels for a prototype store.

49. On information and belief Defendant ZPS's plan is to replace Plaintiff as the franchise's exterior panel vendor.

50. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and continues to be damaged, by Defendants' tortious interference with its business relationships and expectancies and, unless restrained, Plaintiff will suffer irreparable harm for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### (Defendant ZPS)
### Copyright Infringement (17 U.S.C. § 501) of DD Library

51. Plaintiff repeats and realleges the preceding paragraphs, as if fully set forth herein.

52. DD Library is a set of original technical drawings containing subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq.

53. Plaintiff is the exclusive owner of the rights enumerated in 17 U.S.C. § 106 with respect to DD Library.

54. Plaintiff owns a valid copyright registration for DD Library, attached as Exhibit A.

55. Defendant ZPS created unauthorized reproductions of drawings contained in DD Library.

56. Defendant has distributed and displayed the Infringing Work in an effort to gain a competitive advantage against Plaintiff.

57. This is a direct infringement on Plaintiff's exclusive rights to DD Library in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

58. On information and belief, Defendant ZPS's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in DD Library, with the intent of earning profit therefrom.

59. As a direct and proximate result of Defendant ZPS's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

60. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant ZPS's profits attributable to Defendant ZPS's infringing conduct.

61. Plaintiff is further entitled to costs pursuant to 17 U.S.C. § 505.

62. As a direct and proximate result of Defendant ZPS's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

63. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant ZPS will continue to infringe Plaintiff's rights in DD Library. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant ZPS's ongoing infringing conduct.

**COUNT TWO**
**(Defendant ZPS)**
**Copyright Infringement (17 U.S.C. § 501) of EN-V A80**

64. Plaintiff repeats and realleges the preceding paragraphs, as if fully set forth herein.

65. EN-V A80_DEF is a set of technical drawings, added to DD Library after its creation, containing subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq.

66. Plaintiff is the exclusive owner of the rights enumerated in 17 U.S.C. § 106 with respect to EN-V A80_DEF.

67. Plaintiff owns a valid copyright registration for EN-V A80_DEF, attached as Exhibit C.

68. Defendant ZPS has created unauthorized reproductions of drawings contained in EN-V A80_DEF.

69. Defendant has distributed and displayed the Infringing Work in an effort to gain a competitive advantage against Plaintiff.

70. This is a direct infringement on Plaintiff's rights to EN-V A80_DEF in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

71. On information and belief, Defendant ZPS's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in EN-V A80_DEF, with the intent of earning profit therefrom.

72. As a direct and proximate result of Defendant ZPS's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

73. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant ZPS's profits attributable to Defendant ZPS's infringing conduct.

74. Plaintiff is further entitled to its costs pursuant to 17 U.S.C. § 505.

75. As a direct and proximate result of Defendant ZPS's infringing conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant ZPS will continue to infringe Plaintiff's rights in EN-V A80_DEF. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant ZPS's ongoing infringing conduct.

### COUNT THREE
### (Individual Defendants)
### Contributory Federal Copyright Infringement

76. Plaintiff repeats and realleges the preceding paragraphs, as if fully set forth herein.

77. Defendant ZPS directly infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 with respect to the Registered Works, as set forth above, when it reproduced, distributed and displayed the Infringing Work (the "Infringing Conduct").

78. Due to the Individual Defendants' substantial involvement in Defendant ZPS's operations, and by virtue of the Individual Defendants' past employment with Plaintiff and familiarity with the Registered Works, they were aware of Defendant ZPS's Infringing Conduct.

79. Individual Defendants caused or materially contributed to the Infringing Conduct by developing the business strategy that included the creation of the Infringing Work, formulating the process by which the Infringing Work would be created, obtaining .dwg files containing the Registered Works and providing them to Defendant ZPS, encouraging Defendant ZPS to copy protected components of the Registered Works, and/or copying protected components of the Registered Works.

80. As a result of the foregoing, the Individual Defendants are each contributorily liable for the copyright infringements described herein and jointly and severally liable for the relief requested herein.

## COUNT FOUR
### (Individual Defendants)
### Vicarious Federal Copyright Infringement

81. Plaintiff repeats and realleges the preceding paragraphs, as if fully set forth herein.

82. Defendant ZPS directly infringed Plaintiff's rights under 17 U.S.C. § 106 with respect to the Registered Works, as set forth above, when it engaged in the Infringing Conduct.

83. The Individual Defendants have a financial interest in Defendant ZPS's success.

12

84. The Individual Defendants derive direct financial benefit from the Infringing Conduct because producing and distributing the Infringing Work helps Defendant ZPS to market its panels and compete with Plaintiff for customers.

85. The Individual Defendants have the right and ability to supervise Defendant ZPS's activities; however, they failed to stop the Infringing Conduct.

86. As a result of the foregoing, the Individual Defendants are each vicariously liable for the copyright infringements described herein and jointly and severally liable for the relief requested herein.

**COUNT FIVE**
**(Defendant ZPS)**
**Conversion (MCLA 600.2919a)**

87. Plaintiff repeats and realleges the preceding paragraphs, as if fully set forth herein.

88. Defendant ZPS obtained a .dwg file owned by Plaintiff wherein Plaintiff has implemented proprietary modifications, styles, and layers different than those contained in a standard .dwg file.

89. The .dwg file containing the proprietary modifications, styles, and layers is employee work product that is the property of Plaintiff.

90. Defendant ZPS converted this .dwg file to its own use by using it as the basis for its Typical Panel Details drawings, which it distributes in order to attract customers and facilitate business.

91. As a result of converting Plaintiff's property for its own use, Defendant ZPS's Typical Panel Details file contains advantageous and proprietary features that were generated, in the first instance, by Plaintiff's employees.

92. Through these actions, Defendant ZPS has diminished the distinctive nature of Plaintiff's technical drawings and has gleaned an unfair competitive advantage.

93. As a direct and proximate result of Defendant ZPS's conduct alleged herein, Plaintiff has been harmed and is entitled to treble actual damages in an amount to be proven at trial, costs, and attorneys' fees as set forth in MCLA 600.2919a.

## COUNT SIX
### (Defendants ZPS and Zeeff)
**Tortious Interference with Business Relationship or Expectancy**

94. Plaintiff repeats and realleges the preceding paragraphs, as if fully set forth herein.

95. Plaintiff has ongoing and recurring business relationships with certain customers, including the car wash franchise referenced above.

96. Plaintiff has a reasonable expectation that these relationships will continue or recur.

97. Individual Defendants have knowledge of Plaintiff's business relationships, including Plaintiff's relationship with the car wash franchise, program details, costing, and estimating because of their prior employment at Plaintiff.

98. Defendants have approached Plaintiff's customers with the Infringing Work and other proprietary information (including pricing, costs, manufacturing, finishing and project details) in order to improperly compete with Plaintiff for their business.

99. Defendants have done so with the intent of ending Plaintiff's business relationships with these customers, in order to replace Plaintiff in the market for architectural metal wall panels.

100. Plaintiff has lost at least one opportunity to Defendant ZPS.

101. As a direct and proximate result of Defendants' conduct alleged herein, Plaintiff has been harmed and is entitled to costs and damages in an amount to be proven at trial.

**JURY DEMAND**

Plaintiff demands a trial by jury on all counts so triable.

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Hold a jury trial on all counts so triable;

B. Enter judgment for Plaintiff on all counts;

C. Grant temporary and permanent injunctive relief enjoining Defendant ZPS, its employees, agents, and assigns from using, producing, distributing and displaying the Infringing Work and aiding or assisting any other individual in doing so, including in the manufacture of panels;

D. Order Defendant ZPS to destroy or deliver for destruction all materials in its possession, custody, or control used by Defendant in connection with the Infringing Conduct, including without limitation all copies of the Registered Works and the Infringing Work in their possession, custody or control;

E. Order Defendant ZPS to, at its own expense, recall the Infringing Work or other copies of the Registered Works from any individual or entity to whom it has distributed these works, and that Defendant ZPS be ordered to destroy or deliver for destruction all materials returned to it;

F. Award Plaintiff damages in an amount to be proven at trial, including damages, costs, and attorneys fees;

G. Award Plaintiff all profits earned by Defendant ZPS as a result of its infringing conduct;

H. Award Plaintiff exemplary damages for Defendants' willful and wanton conduct and reckless disregard of Plaintiff's rights; and

I. Award such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        HONIGMAN LLP

        By: */s/J. Michael Huget*
        J. Michael Huget (P39150)
        Mark S. Pendery (P57683)
        Patrick L. Rawsthorne (P81676)
        200 Ottawa Avenue NW
        Suite 700
        Grand Rapids, MI 49503-2426
        (616) 649-1900
        mhuget@honigman.com
        mpendery@honigman.com
        prawsthorne@honigman.com

        PRETI, FLAHERTY, BELIVEAU
        & PACHIOS LLP
        Peter G. Callaghan (N.H. Bar. No. 6811)
        Kat Mail (N.H. Bar. No. 274914)
        (applications for admission forthcoming)
        57 North Main Street
        P.O. Box 1318
        Concord, New Hampshire 03302
        (603) 410-1500
        pcallaghan@preti.com
        kmail@preti.com

Dated:  June 7, 2024